**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE OFFICE OF THE INSTITUTION FORMERLY KNOWN AS ALLIANCE UNIVERSITY,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-12439 (MG) |

**ORDER AUTHORIZING TRUSTEE TO RETAIN TARTER KRINSKY & DROGIN LLP AS TRUSTEE'S COUNSEL AS OF FEBRUARY 3, 2025**

Upon the application (the "Application")[1] of Deborah J. Piazza, as Chapter 7 trustee (the "Trustee") of The Office Of The Institution Formerly Known As Alliance University (the "Debtor"), seeking the entry of an order pursuant to sections 327(a) and (d) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules, authorizing the retention of Tarter Krinsky & Drogin LLP ("TKD") as counsel to the Trustee effective as of February 3, 2025; and upon the affirmation of Deborah J. Piazza dated March 4, 2025 in support of the Application; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due notice of the Application and this order having been made; and after due deliberation it being determined the relief requested is necessary to the administration of the Debtor's Estate, and this Court being satisfied that (a) TKD

---

[1] Definitions used in this order shall have the same meaning as ascribed to them in the Application unless otherwise defined.

does not hold or represent any interest adverse to the Trustee or the Debtor's Estate; (b) TKD is a disinterested person within the meaning of section 101(14) of the Bankruptcy Code; and (c) TKD's employment is necessary and would be in the best interests of the Estate; it is

**ORDERED**, that the Trustee be, and hereby is, authorized pursuant to Bankruptcy Code section 327(a) and (d) and Bankruptcy Rule 2014, to retain TKD as counsel to the Trustee effective as of February 3, 2025, under a general retainer to perform services including but not limited to: (i) investigating the value of the Debtor's assets and making any appropriate motion(s) for sale of same; (ii) preparing and filing pleadings necessary for the successful administration of the Debtor's case, including the liquation of assets and the resolution of claims, (iii) investigating the Debtor's operations and flow of monies, (iv) investigating whether the Trustee has causes of action against third parties which could result in a recovery of monies for the benefit of creditors, and (v) preparing all necessary motions, applications, orders and other legal documents that may be required under the Bankruptcy Code in connection with the Debtor's case; and it is further

**ORDERED**, that TKD shall be compensated in accordance with and will file any fee applications for allowance of its compensation and expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court upon appropriate notice and a hearing; and it is further

**ORDERED**, that prior to any increases in TKD's rates for any individual employed by TKD and providing services in this case, TKD shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor and the United States Trustee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Trustee has consented to the

rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in § 330 of the Bankruptcy Code, and the Court retains the right to review any rate increases pursuant to § 330 of the Bankruptcy Code; provided however, that the terms "increases in TKD's rates" and "rate increases" as used in this order shall not include annual "step increases" historically awarded by TKD in the ordinary course to attorneys and legal assistants throughout the firm due to advancing seniority and promotion; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this order.

**No Objection to Entry of this Order:**

WILLIAM K. HARRINGTON, UNITED STATES TRUSTEE


By: /s/ Shara Cornell
    Shara Cornell, Esq.
    Trial Attorney
    Dated: March 11, 2025



Dated: New York, New York
       March 11, 2025

                                      **/s/ Martin Glenn**
                                        MARTIN GLENN
                            Chief United States Bankruptcy Judge